FILED
COURT OF APPEALS
DIVISION II

2014 FEB 20 AM 9: 27

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation, | |
| Appellant, | No. 43805-4-II |
| v. | |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. – TracFone Wireless Inc. appeals the trial court's CR 12(b)(6) dismissal of its lawsuit against the Washington State Department of Revenue (DOR) for declaratory and injunctive relief related to TracFone's method of collecting an excise tax from subscribers of its prepaid cellular telephone services. Because recently enacted legislation has made the dispute moot and the case does not present an issue of continuing and substantial public interest, we dismiss TracFone's appeal.

## FACTS

TracFone sells cellular services through the sale of prepaid cellular phones and airtime cards. TracFone sells the phones and airtime cards wholesale to independent retailers, who then market the merchandise to consumers. The airtime cards represent a block of cellular phone

minutes that consumers use by loading onto prepaid cellular phones. TracFone's retailers collect sales tax on retail purchases and then remit the tax to the DOR.

Effective January 1, 2003, the legislature imposed a county and state enhanced 911 excise tax (E-911) used to fund emergency communications systems on " 'all radio access lines whose place of primary use is located within the state.' " *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 280, 277, 242 P.3d 810 (2010) (quoting LAWS OF 2002, ch. 341, § 8); former RCW 82.14B.030(2), (4) (2003); RCW 38.52.501. At that time, the tax imposed was a flat rate tax of twenty cents per month for each phone line. LAWS OF 2002, ch. 341, § 8; *see TracFone*, 170 Wn.2d at 279.

TracFone paid the E-911 tax and then commenced a lawsuit to recover the amounts paid and to contest further payments. *TracFone*, 170 Wn.2d at 280. The case ultimately was appealed to the Supreme Court. *See TracFone*, 170 Wn.2d at 280. Our Supreme Court held that TracFone's business was clearly within the scope of the statutes and that TracFone was responsible for collecting the E-911 tax from its subscribers or paying the tax itself. *TracFone*, 170 Wn.2d at 282, 297.

Following the *TracFone* decision, TracFone developed a plan for adjusting the price of its products to include the E-911 tax (Price Adjustment Plan). Under the plan, TracFone adjusted its prepaid pricing by calculating the E-911 tax due for each airtime card, thereby causing the amount allocable to the E-911 tax to be included in the total wholesale price of the airtime card sold to retailers for resale. TracFone took the position that no sales tax should be collected on the price adjustment corresponding to the amount of the E-911 tax. However, the DOR continued to direct retailers to collect and remit sales tax on the entire sales price.

TracFone filed a lawsuit against the DOR seeking a declaratory judgment that (1) the Price Adjustment Plan complies with Washington law; (2) the DOR's imposition of retail sales tax on the portion of the TracFone's airtime cards' selling price allocable to the E-911 tax is unlawful, including violating the state and federal constitutions; and (3) the retailers' calculation of retail sales tax on the entire purchase price of an airtime card without excluding the portions of the purchase price allocable to the E-911 tax is inconsistent with Washington law and the state and federal constitutions. TracFone also sought an injunction requiring the DOR to refrain from imposing or knowingly accepting retail sales tax calculated on the portion of a TracFone airtime card's purchase price allocable to the E-911 tax. The trial court granted the DOR's motion to dismiss for failure to state a claim under CR 12(b)(6). TracFone appealed to this court.

During the pendency of this appeal, the Legislature addressed the substantive tax issues presented in this appeal in a bill relating to communication services reform – Second Engrossed Second Substitute House Bill 1971. The bill was approved on June 30, 2013, and became effective January 1, 2014. LAWS OF 2013, 2d Spec. Sess., ch. 8. Under the new legislation, independent retailers of prepaid wireless telephone services are now authorized and required to collect and remit the E-911 tax when making sales of airtime cards to customers in their stores. RCW 82.14B.040(2)(a). The legislation also mandates that retailers must segregate the E-911 tax in any sales receipt provided to consumers. RCW 82.14B.040(2)(c).

The DOR filed a motion to dismiss the appeal as moot under RAP 18.9(c)(2) as a result of the new legislation. TracFone opposed the motion to dismiss. We requested supplemental briefing on the issue.

## ANALYSIS

At issue in this case is the intersection of the E-911 tax and the state sales tax. RCW 82.14B.030(6)(b) provides that the E-911 tax is not subject to the state sales tax or any local tax. On the other hand, the retail sales tax act, chapter 82.08 RCW, determines the amount of sales tax that retailers are required to charge and remit to the DOR, which requires tax on the "selling price." RCW 82.08.020(1). The "selling price" is the total amount of consideration, and no deductions are allowed for the seller's cost of the property sold or any other expense of the seller. RCW 82.08.010(1)(a).

However, the threshold issue is whether this case is moot based on the legislature's significant amendments to the tax statutes at issue. The DOR argues that there is no need for this court to provide declaratory and injunctive relief because the new legislation has provided the prospective relief TracFone sought. TracFone opposes dismissal, arguing that even if the case is moot we should reach the merits because the issues presented are of continuing and substantial public interest. We agree with the DOR and dismiss the case as moot.

A.  MOOTNESS

A case is moot if the court " 'cannot provide the basic relief originally sought . . . or can no longer provide effective relief.' " *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 510, 309 P.3d 636 (2013) (alteration in original) (internal quotations marks omitted) (quoting *Dioxin/Organochlorine Ctr. v. Pollution Control Hearings Bd.*, 131 Wn.2d 345, 350-51, 932 P.2d 158 (1997)). If a case is moot, we generally will dismiss the appeal. *Wash. Off Highway Vehicle Alliance v. State*, 176 Wn.2d 225, 232, 290 P.3d 954 (2012).

Here, the parties' dispute about the propriety of collecting sales tax on the price adjustment on TracFone's product that corresponds with the amount of the E-911 tax is now

irrelevant. The new legislation requires independent retailers of prepaid wireless telephone services to collect and remit the E-911 tax when making sales of airtime cards to consumers. RCW 82.14B.040(2). With retailers now collecting and remitting the tax, the wholesale purchase price will no longer need to include an amount allocable to the E-911 tax, and the issue about whether this extra amount is subject to sales tax disappears. We cannot grant effective relief by declaring that the "extra" sales tax is unlawful or enjoining the DOR's acceptance of it because under the current law the allegedly "extra" sales tax at issue no longer exists.

B. CONTINUING AND SUBSTANTIAL PUBLIC INTEREST EXCEPTION

Even if a case is moot, we still may reach the merits to provide guidance to lower courts if the case presents an issue of continuing and substantial public interest. *Alliance*, 176 Wn.2d at 232. "Whether the case presents such an issue depends on '(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.' " *Alliance*, 176 Wn.2d at 233 (internal quotation marks omitted) (quoting *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004)). We also consider the " 'level of genuine adverseness and the quality of advocacy of the issues' " and whether the nature of the issue tends to evade review. *Alliance*, 176 Wn.2d at 233 (reasoning that challenges to legislative appropriations of refund accounts for the benefit of all affected taxpayers evade review because the appropriations last only two years, which may not be sufficient time for an appeal) (internal quotation marks omitted) (quoting *Horner*, 151 Wn.2d at 892).

Applying these factors, we hold that review in not appropriate. The three primary factors do not support addressing the merits. First, the dispute between TracFone and DOR primarily is private because it concerns the parties' differing interpretations of tax statutes as they apply to

TracFone's unique business model. Second, an authoritative determination is not needed because the legislature already has provided that guidance in the form of new legislation. Third, the issue is not likely to reoccur in this context because of the new legislation. TracFone argues that the issue may reoccur if the DOR attempts to collect sales tax on top of an excise tax on another product or service. But the nature of such a future dispute is too speculative to warrant review as an exception to the mootness doctrine.

With regard to the other two factors, the issues were properly briefed by the parties and the advocacy is strong. However, this case was dismissed by the trial court under CR 12(b)(6) based on standing issues, so our analysis would be limited to those issues. There is no indication that the issue presented here is the type that regularly evades review.

After consideration of all these factors, we conclude that this case does not present an issue of continuing and substantial public interest. Accordingly, we dismiss this case as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

PENOYAR, J.

Lee, J.

6